IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CODY MAYFIELD,   ID # 42807-177,        Petitioner, | ) ) ) |
| vs. | )   No. 3:17-CV-509-N (BH) ) |
| D.J. HARMON, Warden,        Respondent. | )   Referred to U.S. Magistrate Judge ) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2241, received on February 22, 2017 (doc. 3), should be **DENIED** with prejudice.

**I.  BACKGROUND**

Cody Mayfield (Petitioner), a prisoner incarcerated in the Federal Correctional Institution in Seagoville, Texas, (FCI-Seagoville), challenges his sentence under 28 U.S.C. § 2241. The respondent is D.J. Harmon, the Warden of FCI-Seagoville.

**A.   Conviction and Post-judgment Proceedings**

On March 16, 2011, Petitioner was charged by indictment with possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). (*See* No. 4:11-CR-35-A, doc. 12.) On May 5, 2011, he pled guilty. (*See id.*, doc. 29 at 1.) He received a sentence of 188 months' imprisonment. (*See id.*)

On April 4, 2012, Petitioner filed a motion to vacate, set aside, or correct a federal sentence under 28 U.S.C. § 2255. (*See* No. 4:12-CV-211-A, doc. 1.) It was dismissed on October 12, 2012, on Petitioner's motion. (*See id.*, doc. 13.)

On May 13, 2013, Petitioner filed a second § 2255 motion to vacate. (*See* No. 4:13-CV-393-A, doc. 3.)  It was dismissed on Petitioner's motion on June 25, 2013. (*See id*., doc. 5.)

On September 23, 2014, Petitioner filed a third § 2255 motion to vacate. (*See* No. 4:14-CV-777-A, doc. 1.) Finding that the first two § 2255 motions counted for purposes of determining whether the third motion was successive, the Court dismissed it as successive on October 8, 2014. (*See id*., doc. 13.)

**B.**     **Substantive Claim**

Petitioner claims that he was sentenced under the career offender guideline provision (USSG § 4B1.1), but his prior Texas drug conviction did not qualify as a controlled substance offense under the guideline.

## II. SAVINGS CLAUSE

Generally, a writ of habeas corpus under 28 U.S.C. § 2241 is the appropriate vehicle to challenge the manner in which a sentence is carried out, and claims of alleged errors that occurred at sentencing are properly raised in a motion under 28 U.S.C. § 2255. *See Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000) (citing *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005)).  A petitioner may challenge the legality of his detention in a § 2241 petition under the "savings clause" of § 2255, however.  *Padilla*, 416 F.3d at 426. It provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

To show that a § 2255 motion is either ineffective or inadequate to test the legality of his

2

detention, a petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision that establishes that he may have been convicted of a nonexistent offense, and (2) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in a prior § 2255 petition. *Reyes–Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

The savings clause of § 2255 does not apply to Petitioner's claim that he should not have been sentenced under the career offender guideline provision.

> [C]hallenges to the validity of a sentencing enhancement . . . do not satisfy the savings clause. *See, e.g., In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011) (holding that the petitioner's claim that he was actually innocent of the career offender enhancement was not a claim that he was actually innocent of the offense of conviction); *Padilla*, 416 F.3d at 426–27 (holding that the petitioner's claim that his sentence exceeded the statutory maximum did not satisfy the first prong of the *Reyes–Requena* test because he failed to show that he was convicted of a nonexistent offense); *Preston v. Ask–Carlson*, 583 Fed. Appx. 462, 463 (5th Cir. 2014) ("[C]laims relating to sentencing determinations do not fall within the savings clause and are not cognizable under § 2241, even where the petitioner asserts a 'miscarriage of justice' or actual innocence relating to the alleged sentencing errors.").

*Abdul Ali v. Carbajal*, 654 F. App'x 172, 172-73 (5th Cir. 2016); *see also United States v. Delgado*, \_\_\_ F. App'x \_\_\_, No. 15-40411, 2016 WL 4709861 at *2 (5th Cir. Sept. 15, 2016) (savings clause does not apply to claim of erroneous application of career offender guideline provision (USSG § 4B1.1)). Therefore, Petitioner may not challenge the application of the career offender guideline provision through a §2241 petition.

Petitioner's § 2241 petition is not construed as a § 2255 motion because it would be successive, since he previously filed § 2255 motions challenging his conviction and sentence, and he has not shown that the Fifth Circuit has authorized a successive § 2255 motion under 28 U.S.C. § 2244(b)(3)(C).

## III.  RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2241 should be **DENIED** with prejudice.

**SIGNED this 14th day of March, 2017.**

```
_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
```

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

```
_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
```